NANNIE L. WRIGHT, ADM'X OF JOHN GARRISON V. ORRIN D. GARRISON, ANDREW GARRISON, CHARLES L. KING ET AL.

### *Discharge of Mortgage.*

Where a discharge of mortgage is given on the receipt of less than is due, by reason of an erroneous computation of interest, it is not a matter of course for equity to interfere afterwards to correct the error.

Where a circumstance appeared in the case which would render it inequitable for the holder of the mortgage to collect the full amount of interest, a court of equity, irrespective of strict legal rights, will decline to interfere on his behalf.

Appeal from Kalamazoo, Submitted November 21, 1878. Decided January 8, 1879.

BILL to set aside discharge of mortgage and foreclose. Defendant King appeals. The facts sufficiently appear in the opinion.

*Pealer & Andrews* for complainant and appellee.

*Geo. M. Buck* for defendant appellant King. A mistake as to the legal method of computing interest on a mortgage debt furnishes no ground of equitable interference, 1 Story's Eq. Jur., §§ 111, 113; *Hunt v. Rousmaniere,* 1 Pet., 15; *Shotwell v. Murray,* 1 Johns. Ch., 512; *Lyon v. Richmond,* 2 id., 51; *Storrs v. Barker,* 6 id., 169; *Shafer v. Davis,* 13 Ill., 395; *Goltra v. Sanasack,* 53 Ill., 456. Where the parties agree upon the method a court should not change it, *Stoughton v. Lynch,* 2 Johns. Ch., 209; *Hart v. Dewey,* 2 Paige, 207.

COOLEY, J. The bill in this case seeks the foreclosure of a certain mortgage given by Andrew and Orrin D. Garrison to John Garrison, the payment of which had been assumed by the defendant Charles L. King. A formal discharge of the mortgage had been given by

Orrin F. Howard, the first administrator on the estate of John Garrison, but he died soon after, and the complainant having been appointed administratrix *de bonis non*, filed this bill.

The bill alleges that the discharge of the mortgage was obtained by fraud, and on the payment of less than was at the time owing upon it. We have no doubt the latter allegation is true, and that the former is baseless. The reason why Howard delivered the discharge without receiving full payment is not made perfectly certain by the evidence, but there is reason to believe that it is to be referred to a mere error in calculation originating in the adoption of an erroneous rule for computing interest. It is not a matter of course to overhaul errors of that sort, and the courts would be kept very busy if they should attempt to correct them all.

In this case after allowing a receipt which was disputed, but which we think sufficiently proved, the amount unpaid is something less than seventy dollars. It is not entirely certain that Howard could have enforced payment of this sum had he attempted it. There was a provision in a contract between the mortgagee and King when the latter bought, referring to the mortgage in suit, that the mortgagee should forbear collection until a certain prior mortgage to one Smith, which the mortgagee had agreed to remove, should be discharged; and it appears that this was left undischarged for several years. His right thus to leave that mortgage undischarged, and to collect interest on his own in the meantime, was not so plain that it might not well have been disputed, and without undertaking to say that King might have made a good defense at law, we are of opinion that there are no equities in favor of the John Garrison estate which could justify opening the case to further controversy by setting aside the discharge.

The decree is affirmed with costs.

The other Justices concurred.