**FOSTER v. WHITENTON, Guardian, et al.**

No. 14208—Opinion Filed Sept. 25, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

1. **Mortgages—Reinstatement After Release Induced by Fraud—Rights of Innocent Junior Incumbrancer.**
Equity will reinstate a first mortgage lien in its original priority when the same has been released and a new mortgage taken on the property upon the mortgagor's misrepresentation that no intervening lien exists and when the release is executed in ignorance of the existence of such intervening lien, in the absence of laches or other facts rendering it inequitable to grant the relief; but such relief will not be granted where an innocent junior incumbrancer would be placed in a worse position than he would have occupied had the senior incumbrance not been released.

2. **Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**
In a case of purely equitable cognizance, the judgment of the trial court will be sustained unless it appears that it is clearly against the weight of the evidence.

Error from Superior Court, Okmulgee County; H. R. Christopher, Judge.

Action by J. E. Whitenton, guardian, against Mary Josephine Foster and others. Judgment for plaintiff, and defendant named brings error. Affirmed.

A. E. Graham and O. G. Rollins, for plaintiff in error.

Hummer & Foster, for defendants in error.

COCHRAN, J. This action was commenced by the defendant in error against the plaintiff in error and others to foreclose a mortgage on certain property in the city of Henryetta. The plaintiff in error, Mary Josephine Foster, in her answer alleged that she had a prior lien on said

property by reason of a mortgage executed by Jacob and Phebe Bozarth to the plaintiff in error to secure a loan of $3,700. She alleged, further, that this mortgage was executed on October 10, 1918, and while she was a minor; that on January 26, 1921, after the death of Jacob Bozarth, Ernest L. Bozarth and wife executed a mortgage on this property to the defendant in error, J. E. Whitenton, guardian of the Loman heirs, for $12,277.37; that thereafter, on the 19th day of April, 1921, and after plaintiff in error had reached her majority, Ernest L. Bozarth procured from the plaintiff in error a release of the mortgage executed on October 10, 1918, by paying to her the sum of $700 and executing to her a new mortgage on this property for the sum of $3,000. She alleged, further, that this release was procured from her by Ernest L. Bozarth by fraud and misrepresentation, and that the said Ernest L. Bozarth was acting for the defendant in error in procuring this release. She asks that her first lien, which she held under her mortgage of October 10, 1918, be reinstated and decreed to be prior and superior to the lien of the defendant in error. The case was tried to the court, and the court found that at the time of the execution of the mortgage to J. E. Whitenton, guardian, there was a valid existing mortgage on the property in favor of Mary Josephine Foster; that J. E. Whitenton, guardian, required that this loan be released, and, in order to fulfill this requirement, Ernest L. Bozarth secured from Mary Josephine Foster a release of her first mortgage by making to her a cash payment and giving to her a second mortgage on the property. The court further found that there was no evidence of fraud on the part of J. E. Whitenton in the procurement of the release, but that Mary Josephine Foster voluntarily executed the release and placed the mortgage on record, and concluded as a matter of law that the mortgage of J. E. Whitenton, guardian, was a first and prior lien on the property.

Although a court of equity will reinstate a mortgage which has been released where a first mortgagee takes a new mortgage upon the mortgagor's misrepresentation that no intervening lien exists and in ignorance of such lien, in the absence of laches or other facts rendering it inequitable to grant relief, such mortgage will not be reinstated where an innocent junior incumberer would be placed in a worse position than he would have occupied had the senior incumbrance not been released. Bormann v. Hatfield (Wash.) 164 Pac. 921, L.

R. A. 1917 E, 1052; Cornwell v. Moss (Kan.) 147 Pac. 824; Wright v. Garrison, 40 Mich. 50; Havighorst v. Bowen (Ill.) 73 N. E. 402.

In the instant case it appears that J. E. Whitenton, guardian, at the time he made the loan to Ernest L. Bozarth required that $3,700 be deposited by Bozarth with him until a release had been procured of the mortgage held by plaintiff in error, and, in compliance with this requirement, Bozarth procured the release. After the release had been procured and in reliance thereon, Whitenton, guardian, paid over to Bozarth the $3,700 which had been withheld pending the procurement of the release. It appears, therefore, that if the mortgage of the plaintiff in error should be reinstated the defendant in error would be in a worse position than he would have occupied had the release not been executed; hence, plaintiff in error is not entitled in equity to have the mortgage reinstated unless the testimony discloses that the defendant in error was a party to the wrongful procurement of the release. The trial court found that this was not a fact, and, it not appearing that this finding is clearly against the weight of the evidence, it is our duty to affirm the judgment of the trial court, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.