## MUSE v. STROTHER et al.

No. 11611—Opinion Filed Nov. 27, 1923.

### Trial—Instructions—Considered Together.

Instructions must be considered together as parts of a whole. When so considered, if the law applicable to the facts proven is correctly stated, even though some isolated paragraph be verbally inaccurate, such instructions should be sustained if it is fairly deducible from the entire charge that the theories of both plaintiff and defendant were submitted to the jury without confusion and without misleading distinctions.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by Chas. L. Muse against F. B. Strother et al., to recover commissions as a real estate broker in the sale of certain property. Judgment for defendants, and plaintiff brings error. Affirmed.

Plaintiff filed his petition March 8, 1919, in which he alleged, in substance, that on or about April 1, 1918, defendants orally listed with him as broker for sale certain real property known as the Harris Hotel, located in Mangum, and that by the terms of such listing defendants agreed to pay the plaintiff a commission of five per cent. of the sale price of said property in the event plaintiff produced a purchaser therefor; that plaintiff did find a purchaser who bought the property for the sum of $8,500, and he prayed judgment for the sum of $425 as a commission on such sale. Defendants' answer, by general denial, and by special denials controverted specifically each allegation contained in plaintiff's petition, and as an affirmative defense alleged that if the plaintiff in any way contributed to or brought about the sale of said property that he did so as the agent of the purchaser and not as the agent of the defendants.

The case was tried January 15, 1920, and resulted in a verdict in favor of the defendants, upon which judgment was rendered, and the case is brought here for review by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendants, respectively, as they appear in the trial court.

Percy Powers, for plaintiff in error.

H. M. Thacker, for defendants in error.

Opinion by LOGSDON, C. This appeal is presented in this court upon the single proposition that the trial court erred in declaring the law in its instructions as applied to the facts in this case.

There is very little conflict in the testimony and an examination of the record shows the facts to be about as follows:

Defendants by inheritance were the owners in the spring of 1918 of certain real property in Mangum, Okla., known as the Harris Hotel, which was being operated at that time under lease by a man named Melton; that one Sam Fringer bought out Melton's lease and took possession and began conducting the business; plaintiff and Sam Fringer met casually in a barber shop soon after Fringer took charge of the hotel business and plaintiff asked Fringer why he didn't buy the entire property; Fringer indicated a willingness to do so and a conference was thereafter had at the hotel between plaintiff and Fringer and his wife; the result of this conference was that Fringer and wife proposed to pay plaintiff $100 if he would procure the acceptance, by the owners of the property, of one of several propositions for trade which Fringer reduced to writing; that plaintiff accepted the proposition of Fringer and his wife and thereafter went to Paris, Tex., where Mrs. Gee and F. B. Strother were living and discussed with them the sale of this hotel property to Fringer. Strother and Mrs. Gee each owned a one-fourth interest in the property; plaintiff testified that on this visit Strother agreed to pay him a commission of five per cent. if the sale was made, while Strother upon the witness stand denied this; plaintiff returned to Mangum with a letter from Strother and Mrs. George, a daughter of Mrs. Gee, to Fringer stating that they would come to Mangum to see if a deal could be made; that in May, 1918, F. B. Strother, Mrs. George and John S. Crouch, who owned another one-fourth interest in the property, visited Mangum, but the deal on the property fell through; that in the month of September thereafter, Fringer closed a deal with F. B. Strother and Mrs. Gee for the purchase of their one-half interest in the property in exchange for certain lands owned by him; sometime after the consummation of this transaction, Fringer paid the plaintiff $50 on the $100 he had agreed to pay and asked the plaintiff if he would be satisfied with $25 more in the event Fringer succeeded thereafter in purchasing the other half interest; plaintiff agreed to this; thereafter and about February, 1919, Fringer closed a deal with the other heirs for the other one-half interest in the property and thereupon gave the plaintiff his check for the additional $25; plaintiff upon the witness stand testified that Mrs. Gee, F. B. Strother, and John S. Crouch were the only heirs interested in the property with whom he had conversations or dealt; plaintiff testified that after the purchase of the half interest by Fringer in February, 1919, he demanded of John S. Crouch a commission of five per cent. on the sale price, which Crouch refused to pay; Crouch upon the witness stand denies that any such demand was made by plaintiff, and says that the first information he had of the claim of plaintiff was when he was notified by the bank at Mangum that garnishee summons had been served on the bank in this action; no claim is made by plaintiff that he ever made demand on Mrs. Gee or F. B. Strother for a commission after the sale of their half interest in the property in the preceding September; plaintiff admitted upon the stand that he never advised any of the heirs at any time that he was receiving any compensation from Fringer for his services in connection with the sale of this property.

Upon these facts the court instructed the jury in paragraph 2 that it should return a verdict in favor of the defendants, Malinda Woolsey, Wanda Farwell, Sam S. Strother, Cora Wilhite, Dora Strother, and William Strother for the reason that there was no testimony showing, or tending to show, that they ever authorized plaintiff to act for them in the sale of the property, and by paragraph 3 instructed the jury that John S. Crouch, F. B. Strother, and Tabitha Gee, each owned an undivided one-fourth interest therein. No complaint is made of these instructions. The instructions complained of are paragraphs 4, 5, 6½, 7, 8, and 9.

By paragraph 4 the court merely told the jury that under the undisputed testimony in the case, plaintiff received $75 from Sam Fringer for acting for him in finding the owners of the realty and aiding him in purchasing the same.

The testimony shows that F. B. Strother lived at Maxey, Tex., Mrs. Gee at Paris, Tex., Malinda Woolsey at St. Louis, Mo., Wanda Farwell in Idaho, Sam Strother at Martha, Okla. (but he was then in the naval service), Cora Wilhite and William Strother in Missouri and Dora Strother somewhere in Oklahoma.

It is apparent from this that plaintiff's criticism of this instruction is not well

founded when he says that there was no evidence upon which to base this instruction for the reason that there is nothing in the record to show that there was any difficulty in finding the owners of the realty.

By instruction No. 5 the court submitted to the jury the question whether plaintiff, in what he did in reference to the sale of this property, was acting as the agent for either or both parties to the sale, or merely acting as a middleman. The jury was fairly instructed that if it should find from the evidence that the plaintiff was merely acting as a middleman and was not the agent of either of the parties, and if it further found from the evidence that defendants had agreed to pay him a five per cent. commission in the event he found a purchaser, that under such circumstances plaintiff would be entitled to recover. On the other hand, the jury was instructed that if it found from the evidence that plaintiff was the agent of Fringer when he approached the defendants in reference to the sale, and if such agency was not disclosed by him to the defendants then and in such event it should find for defendants, for the reason that the law does not permit a man to serve two masters whose interests are opposed without a full disclosure of such relationship.

The criticism made of this instruction is not based upon any incorrect statement of the law contained therein, but is based upon plaintiff's conclusion as to what the testimony in the case shows. This was a matter solely for the determination of the jury and this court is not required to weigh the testimony to determine whether the conclusion drawn by the' jury as reflected by its verdict is a proper conclusion to have been drawn.

Paragraphs 6½, 7, 8 and 9 of the instructions read as follows:

"(6½) You are further instructed that if you believe from the evidence in this case that Charles L. Muse, the plaintiff in this cause, was the agent of Sam Fringer, the purchaser of the property in question, or the agent of the defendants in the sale of said property and not a mere middleman acting merely to bring the parties together, then, in that event, your verdict must be for the defendants, or should you believe that he did not act for the defendants by any agreement whatever, then you should find for the defendants likewise.

"(7) You are further instructed that before the plaintiff could recover in this case, it would be necessary for you to believe from a preponderance of the evidence in this cause that the plaintiff produced a purchaser, able, willing, and ready to make the deal and that the property was sold by reason of his having produced such purchaser, and that he was not the agent of the defendants or purchaser but merely one whom the defendants had agreed to pay a commission in the event he did produce a purchaser.

"(8) You are further instructed that if you believe from the evidence in this case that the defendants, F. B. Strother, John S. Crouch and Tabitha Gee did not at any time agree to pay the plaintiff in this cause any commission for producing a purchaser then your verdict should be for the defendants.

"(9) You are further instructed that if you believe from the evidence in this cause that the plaintiff, being the agent of the purchaser, was at or prior to said sale or exchange of the property then and there the agent of the defendants, as the term and duties of such agent are herein defined to you, then your verdict must be for the defendants for the reason that he could not be the agent of both parties."

The above quoted instructions appear to fairly and correctly state the law applicable to the facts in evidence in this case and, since they are to be considered in connection with all of the other paragraphs of the charge, it is not apparent that any right of the plaintiff was invaded or any theory which his proof tended to support was overlooked by the court in its instructions. The testimony was in sharp conflict as to whether plaintiff in what he did acted as an agent for one or both parties in the exchange of the property or as a mere middleman, working to bring the parties together, and as both theories were fairly presented by the court's instructions and the jury settled this conflict in the testimony adverse to the plaintiff, this court is not authorized to disturb that finding, there being no error of law apparent.

It is therefore concluded upon the whole case that the judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.