## ST. LOUIS-SAN FRANCISCO RY. CO. v. STANDARD PAVING CO. et al.

No. 14675—Opnion Filed March 11, 1924.

**1. Carriers — Corporation Commission—Jurisdiction to Determine Switching Service and Rates.**

The State Corporation Commission has jurisdiction and authority to determine what is a switching service, in connection with intrastate railroad transportation, and to determine adequate and reasonable rates to be charged for the same.

**2. Same—Order of Commission—Evidence Supporting.**

Under rate order of the Corporation Commission two cents per hundred for ten miles and under was fixed as the rate for hauling crushed rock "from points of origin within the radius to Tulsa and West Tulsa for single line movements." The commission found that Gray and Red Fork were both within the radius of said switching limits. The distance between said points by way of Tulsa was more than ten miles, and by way of the shortest line distance was 6.3 miles. Defendant conceded, and there was evidence, that two cents per hundred was an adequate rate from Gray to Tulsa, a distance of 6.1 miles. Held, there was sufficient evidence on which to base an order for such two cents rate from Gray to Red Fork, since it was the duty of the commission to fix such rate by the shortest line distance.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Appeal from Corporation Commission.

Action by Standard Paving Company against St. Louis-San Francisco Railway Company, before the Corporation Commission, wherein the State was a party. From an order fixing rates and compelling reparation, the railway company appeals. Affirmed.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

A. Carey Hough and Geo. A. Henshaw, for defendant in error.

Geo. F. Short, for State of Oklahoma.

Opinion by ESTES, C. Complaint was filed before the Corporation Commission by the Standard Paving Company against the St. Louis-San Francisco Ry. Company, upon the hearing of which, an order was made requiring plaintiff in error to refund alleged excess of one cent per hundred charged by it and paid by defendant in error on carriage of 200 cars of crushed stone. Parties will be thus referred to as plaintiff and defendant. Plaintiff operated a rock crusher at Gray, 6.1 miles west of Tulsa, on one line of defendant's road, from which said rock had been shipped to Red Fork, about six miles south and west of Tulsa on another line of defendants's road. There is a single line from Tulsa across the Arkansas river to West Tulsa, approximately two miles. From West Tulsa the one line branches westward to Gray, and the other southwest to Red Fork. As a part of the way thus formed, there is a cut off at West Tulsa connecting said two lines. By way of such cut off, the distance from Gray to Red Fork is 6.3 miles. Under the published tariff schedule of defendant, Tulsa and West Tulsa are one station. The record shows that both Red Fork and Gray are within the switching limits of Tulsa as established by defendant and within the ten miles radius; and that the shipments in controversy and all traffic originating at Gray was by switch engine and switch crew service.

The errors assigned by defendant are argued under the propositions that the order of the commission is not based upon sufficient evidence, is contrary to law, and that the commission considered incompetent testimony. The real controversy is that defendant claims the rate should be based on movement from Gray to Tulsa or West Tulsa—considering the distance to West Tulsa the same as that to Tulsa—thence to Red Fork, a total of more than ten miles; whereas plaintiff contends the rate should be based on movement from Gray to Red Fork by way of said described cut off at West Tulsa, somewhat more than six miles. The commission found that the service performed by defendant in transporting said crushed rock from Gray to Red Fork was a switching service within the Tulsa switching district, assessable on the rate from Gray to Tulsa. The Corporation Commission has jurisdiction to determine what is a switching service, and to determine what is a reasonable rate to be charged for such service. St. Louis & S. F. Ry. Co. v. State et al., 81 Okla. 298, 198 Pac. 73. In that case it was also held that the carrier having transported rock for ten years from a quarry belonging to another, as a switching service, could not change such service to a road haul by putting on the crew of regular road service and doing other things incident to a road haul. Likewise, in the instant case, the commission properly found that the service from Gray was a switching service because it was such in fact. The order appealed from is:

"That rates on crushed rock from Gray, Oklahoma, to Red Fork, Oklahoma, shall be assessed at the rate of two cents per hundred pounds, and that reparation shall be made for the amounts collected in excess thereof as shown herein and as prayed for in the complaint."

Under the rule of the Interstate Commerce Commission, as well as that of the Corporation Commission of this state, the rate should be based on the shortest line distance between the points of shipment and delivery.

In Atchison, T. & S. F. Ry. Co. et al. v. State et al., 82 Okla. 288, 200 Pac. 232, 237, the parties in the instant case being also parties thereto, order of the commission No. 1855 was under consideration. That decision modified said order prohibiting the railroads from demanding or collecting more than two cents per hundred for ten miles and under, "from points of origin within the radius to Tulsa and West Tulsa for single line movements." Switching rates in the same area involved in the instant case were under consideration therein. In the instant case defendant conceded that from a point of origin within the radius of ten miles to Tulsa and West Tulsa, two cents per hundred was an adequate charge for the service. By defendant's expert it was shown that under the tariff of defendant, a two cent rate applied on crushed stone from Gray to points within the switching limits of Tulsa, ten miles and under. This is sufficient evidence to support said order.

Plaintiff was paving a road to Sapulpa along the main line of defendant on which Red Fork is located. Before beginning such construction, plaintiff was advised by the general freight office of defendant at St. Louis, that the rate on crushed rock from Gray to Red Fork was two cents per hundred, car load lots. The first 25 cars were billed at that rate, after which the rate was increased to three cents and plaintiff paid the alleged undercharge of one cent under protest. Said letter was mentioned at the hearing and its contents disclosed. The commission permitted the same to be filed after the case was closed, and considered the same in making said findings and order. Defendant complains that said letter was incompetent, since the published tariff was the best evidence and that no opportunity was given to explain or contradict said letter. Under the view we take, whatever error occurred in this behalf, was harmless.

The order of the commission is therefore affirmed.

By the Court: It is so ordered.