## ST. LOUIS-S. F. RY. CO. v. STATE et al.

No. 17318.   Opinion Filed Sept. 13, 1927.

(Syllabus.)

Carriers—Switching Service Rates—Rate for Crushed Stone Properly Applied to Broken Stone.

Where a rate has been fixed by the Corporation Commission for services designated by the Commission as a switching service at two cents per 100 pounds on sand, gravel, and crushed stone, and said rate is found to be adequate and reasonable, held, that it was not error for the Corporation Commission to order that broken stone should take the same rate as crushed stone, sand and gravel.

Appeal from Corporation Commission.

From order of Commission, on complaint of the Hughes Stone Company, the St. Louis-San Francisco Railway Company appeals. Affirmed.

E. T. Miller, Stuart, Sharp & Cruce, and W. T. Stratton, for appellant.

Shea & Shea, for appellees.

CLARK, J.   This is an appeal from order No. 3240 of the Corporation Commission of the state of Oklahoma.

The Hughes Stone Company filed its complaint before the Commission in which it was alleged that the Hughes Stone Company is a producer of rock, crushed and broken, at Garnett, Okla.; that it is shipping broken rock in pieces weighing about 50 pounds each in car lots to Tulsa; that charges are being assessed at the rate of three cents per 100 pounds, that as per S. W. L. tariff 55-G, in Frisco Tariff 1199A, it published the rate of .02c from Garnett to Tulsa on crushed stone and crushed rock.

Complainant alleges that the rate on broken stone should be no higher than the rate on crushed stone and gravel; that there is substantially no difference in value, no difference in value of service performed by the defendant, nor is there any difference in value of service to shipper or consignee; that there will be about 130 cars of this stone to be moved and about 10 cars have been moved; the defendant railroad company insists on collecting charges based on a .03c rate.

Complainant prays that the Commission order a reasonable rate published not to exceed two cents per 100 pounds and a refund made on all cars that have been moved from this work to a basis of .02c per 100 pounds.

The Commission found:

"1. Complainant, the Hughes Stone Company, operates a quarry and crushing plant at Garnett, Okla., and ships crushed stone and rock to the city of Tulsa. Supplement No. 10 to St. Louis-San Francisco Railway Company's freight tariff No. 1199-S names a rate of 2 cents per 100 pounds for carload shipments of crushed stone from Garnett to Tulsa.

"2. Complainant alleges that it is shipping broken rock in carloads from Garnett to Tulsa. It asks that the rate between these points, published in St. Louis-San Francisco

Railway Company's tariff 1199-A on sand, gravel and crushed stone be applied on shipments of rock in carloads.

"3. Item No. 316-A, Supplement No. 30 to E. A. Leland's Southwestern Lines Tariff No. 55-G, carries the general schedule of rates applicable on crushed rock and on rock. This item contains the following description of commodities moving between points in Oklahoma under the crushed rock, or crushed stone rates: 'Chatts; gravel; rock, common, crushed or ground; rock, gypsum, sand, shale; stone or granite, natural, rough (not dressed or sawed).' (From the foregoing description it is seen that no distinction is made in the rates applicable on rock, and crushed or ground rock, on shipments generally between points in Oklahoma.)

"4. The Commission therefore finds that the rates on crushed rock, or crushed stone, between Garnett and Tulsa should be made applicable on the shipments herein.

"5. Complaint asks reparation on shipments which have been moved, to the basis of the crushed stone rate. The Commission finds that reparation on this basis should be granted. And entered its order:

"Order

"Wherefore, premises considered and the Commission being advised, it is therefore ordered that the St. Louis-San Francisco Railway Company shall made applicable on shipments of rock between Garnett and Tulsa the rates now applicable on crushed stone, carried in its Freight Tariff No. 1199-A.

"It is further ordered that the St. Louis-San Francisco Railway Company shall make reparation on shipments herein which have already moved, to the basis of the rates carried in its freight tariff No. 1199-A."

From this order the St. Louis-San Francisco Railway Company appealed.

Appellant assigns several specifications of error, the principal ones being as follows:

"1. That the findings of fact are not sustained by the evidence.

"2. Said order is unreasonable, unjust, and contrary to law.

"3. The rate prescribed in said order will deprive this appellant of its property without consideration and without due process of law.

"4. That the Commission did not have jurisdiction to require plaintiff to refund charges collected on rates heretofore in effect.

"5. That said order fixes a rate which is unduly low and discriminatory and requires appellant to afford services to one locality and to a specific shipper at a lower rate than is prescribed for similar service to other localities."

The rate in question covers the broken stone from the quarries at Garnett, near Tulsa, to Tulsa, and this rate was before this court in the case of A., T. & S. F. Ry. Co. v. State, 82 Okla. 289, 200 Pac. 232, and in that case the Commission prescribed the rate for carload lots from Garnett, Okla., to Tulsa, Okla., and other points within ten miles of Tulsa to Tulsa; the rate to cover material transported for street paving and road building purposes. This court modified this finding to provide that the rate should cover the transportation of this material for all purposes, and pointed out that the service rendered by the carrier was a switching service and that the rate yields an adequate return for the service rendered.

The record in this case at bar shows the service performed to be a switching service and that the haul was less than ten miles. In the case at bar the Commission has ruled that broken stone or rock take the same rates as gravel or crushed stone, and under the former holding of this court the only question for determination is, Is there anything in the nature of the commodity by reason of which broken stone should take a higher rate than crushed stone? We think not. The record discloses that there is no difference in value. The broken stone is cheaper than crushed stone; there is no difference in service by the carrier.

Plaintiff's exhibit I shows that both crushed rock and rough quarried rock in this territory are rated class "E," taking the same rates; that in Oklahoma, under the Southwestern Lines Tariff 55-g, crushed rock, stone or granite, natural, rough (not dressed or sawed), take the same rate; that from points in Texas to points in Oklahoma, from points in Oklahoma to points in Texas, between points in the state of Texas, between points in Louisiana and points in Texas between points in the state of Missouri, and between points in the state of Kansas, crushed rock and rock, stone or building stone take the same rate.

The Commission found rates on crushed rock or crushed stone between Garnett and Tulsa should apply to broken stone.

The finding of the Commission being entitled to the presumption of correctness, and there being nothing in the record to overcome this, the order of the Commission should be affirmed.

Appellant's contention that the Commission did not have jurisdiction to order re-

fund of charges collected on rates theretofore in effect was before this court in St. Louis-San Francisco Railway Co. v. Standard Paving Co., 98 Okla. 71, 224 Pac. 296, in which this court affirmed an order of the Commission awarding reparation. Also, see A.. T. & S. F. Ry. Co. v. State, 85 Okla. 223, 206 Pac. 236.

We think this order of the Commission was correct in holding that broken stone should take the same rate as crushed stone and gravel, and the same is affirmed.

MASON, V. C. J., and PHELPS. LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 10 C. J. p. 415, §637.