**MARBLE SAVINGS BANK v. FIRST STATE BANK OF VANOSS et al.**

No. 17664.   Opinion Filed Nov. 22, 1927.

Rehearing Denied Dec. 20, 1927.

(Syllabus.)

1. **Trial—Refusal of Requested Instruction Substantially Covered in Charge.**

Where the court submits a general instruction substantially the same as one requested by a party defendant, such party cannot be heard to complain upon appeal that the instruction given by the court was incorrect and prejudicial.

2. **Judgment—When Judgment Notwithstanding Verdict Improper.**

A party is not entitled to judgment not-

withstanding the verdict where the pleadings do not warrant a judgment thereon in favor of movant, nor where there are no special findings of fact contrary to the verdict.

**3. Mortgages—Foreclosure — Allowance of Stipulated Attorney Fee.**

Where the amount of an attorney fee is definitely fixed in a real estate mortgage and suit is filed to foreclose the same and no objection is made to the amount of such fee, by the pleadings or evidence, and judgment of foreclosure is granted, it is the duty of the court to allow such fee.

**4. Subrogation—Rights of Subsequent Mortgagee Furnishing Money to Pay First Mortgage.**

Where the equities warrant, as appear in the case at bar, and a junior or third mortgage holder will not be placed in any different position than originally, courts of equity may hold and decree that subsequent mortgagee, who has taken and purchased a note and mortgage, believing the same to be a first mortgage, proceeds from which were applied and paid upon a first and second mortgage on the same lands, be subrogated to the extent and amount so applied upon such first and second mortgages and decreed to have a superior lien for such sum to that of a mortgagee holding a third mortgage on the lands.

**5. Judgment not Sustained.**

Record examined; held, that verdict and judgment was against the clear weight of the evidence, not supported by law and equity, and that cause should be reversed.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by the First State Bank of Vanoss against C. H. Pennington et al. to recover personal judgment on notes and foreclosure of real estate mortgages securing same and to establish priority of mortgage liens. Judgment for First State Bank of Vanoss, as prayed, adjudging its mortgage a first lien; also judgment for Marble Savings Bank, defendant and cross-petitioner, for partial sum prayed for foreclosure of its mortgage as second lien. Marble Savings Bank appeals. Reversed and remanded.

King & Crawford and Embry, Johnson & Tolbert, for plaintiff in error.

J. F. McKeel and A. C. Chaney, for defendants in error.

LEACH, C. C. A. and Dora E. Pennington, husband and wife, executed two mortgages on their lands, the first securing a note for $2,500, the second securing three commission notes aggregating the sum of $500, all in favor of the Conservative Loan Company; the loan company sold and assigned the $2,500 note and mortgage. Thereafter the Penningtons executed a third mortgage on their lands securing a note for the sum of $650 in favor of the First State Bank of Vanoss, in which mortgage it was recited that the same was subject to a first mortgage for the sum of $2,500 in favor of the loan company. Thereafter, the Penningtons executed a fourth mortgage on their lands securing a note for $3,600 in favor of the Conservative Loan Company, reciting therein that the same was a first mortgage, which last mortgage and note were made for the purpose of obtaining funds to satisfy and pay off the previous notes and mortgages. The loan company sold and assigned the $3,600 note and mortgage to the Marble Savings Bank, and remitted to the holder and owner of the $2,500 note and mortgage the amount due thereon and received in return the note and mortgage with a release and a blank assignment of the mortgage. The loan company released the $500 mortgage, but retained the only remaining note secured thereby in the sum of $150, and later surrendered such note, together with the $2,500 note and mortgage, and an assignment on the $2,500 mortgage to Marble Savings Bank, which assignment was recorded by the Savings Bank. The loan company also paid out for the benefit of the mortgagors a lumber bill in the sum of $116 and certain other expenses incurred under the $3,600 mortgage disbursing in all the sum of $3,008.76, leaving a balance due the mortgagors of $591.24, which sum was due by the loan company at the time receivers were appointed for it or its successor.

The First State Bank of Vanoss filed suit on its note and mortgage, alleging its mortgage was a first lien upon the lands described, and prayed that the prior mortgage of $2,500 be canceled for the reason the same had been paid and satisfied; the Marble Savings Bank, being a party defendant to the action, filed its answer and cross-petition denying the allegations of plaintiff's petition, and prayed that it recover judgment against the Penningtons mortgagors, for $3,600, with interest thereon and attorneys' fees, and that it be adjudged to hold a first lien upon the lands to secure such sums, and further alleged that it was the holder and owner of a $2,500 note and mortgage and the $150 commission note. and was subrogated to all rights thereunder, and prayed that in the event it should be found and adjudged that the plaintiff's mortgage

was superior to the $3,600 mortgage held by it, savings bank, then and in that event it be adjudged to have and hold a first lien under the $2,500 mortgage and commission mortgage to secure the sums paid out thereon and specified therein.

The Penningtons, mortgagors, filed their answer in the action, admitting the allegations of plaintiff's petition, admitting the execution of the notes referred to and set up in the cross-petition of Marble Savings Bank, and alleged that the first two mortgages executed by them, as stated had been paid, satisfied, and a release executed thereon; that there was a partial failure of consideration in the $3,600 note and mortgage executed by them in that the loan company had not placed of record a release on the $2,500 mortgage and had failed to pay out the total sum due on the $3,600 note and mortgage; further alleged the savings bank had fraudulently refused to release the $2,-500 mortgage which had been paid and satisfied and held in its possession such mortgage, the notes secured thereby, as well as the commission note for $150; that they, the mortgagors, had suffered damage in the sum of $5,000 from the loss of a sale of an oil and gas lease and a mineral right on their lands by reason of the failure of savings bank to release from record the $2,500 mortgage, and asked that such damage be set off as against any sums found and adjudged to be due the savings bank.

J. F. McKeel, who owned some mineral right in the lands owned by defendants Penningtons, filed an answer adopting the answer and cross-petition of the Penningtons. Certain other issues were involved in the action between the landowners and the holders of a fifth mortgage, but such issue was disposed of without contest and we deem it unnecessary to further mention such matter as it is final.

A trial was had in the cause resulting in a verdict and judgment in favor of the plaintiff as prayed for, and a judgment in favor of the savings bank for the sum of $1,318.76 with interest thereon from the date of judgment and $100 attorney's fees, there being allowed and deducted from the sum and amount paid out by the loan company, and found to be due the savings bank, the sum of $1,690 as damages to the mortgagors for failure on the part of the savings bank to release the $2,-500 mortgage, leaving due the savings bank the sum and amount of $1,318.76, for which it was awarded judgment. Foreclosure was decreed on the plaintiff's mortgage and up-

on the $3,600 mortgage for the sum adjudged due plaintiff and the savings bank, sale of the lands ordered and the proceeds applied in payment, first, of the costs. second, in satisfaction of the plaintiff's judgment. and third, in payment of the sums adjudged due the savings bank. Marble Savings Bank appealed from the judgment affecting it, and brings the cause here for review.

Numerous assignments of error are set out as grounds for reversal, but we shall consider only such as are deemed necessary for a proper disposal of the appeal.

Considerable argument in brief of defendants in error is devoted to the contention that "there was not a requested instruction offered, not an exception reserved to any instruction given by the court, and there were no exceptions to requested instructions at the time." Attached to the case-made, subsequent to and following the certificate of reporter, trial judge and court clerk, are certain suggestions of amendments to the case-made, submitted by defendants in error, and a transcript of evidence and statement of the trial judge relating to the settlement of the case-made. The contentions of the defendants in error cannot under the record presented be considered by this court; the trial judge signed the case-made containing the objections and exceptions complained of, thereby holding adversely to the contentions of defendants in error, and that is final so far as this court is concerned. In the case of Bilby v. Owens, 74 Okla. 158, 181 Pac. 724, it was held in the syllabus:

"The order of the trial court settling a case-made is not appealable, and objections thereto present nothing for this court to consider."

We consider that case and the reasoning therein set out applicable to the case at bar.

Plaintiff in error first presents and argues its tenth assignment of error, being error of the trial court in giving its second instruction, and especially that part of such instruction wherein the court said:

"* * * However, you are instructed that when the defendant proves that there was a partial failure of the consideration, then the burden shifts to the Marble Savings Bank to show that they are innocent purchasers in due course of trade for valuable consideration with notice of defects in the title"

—and urges that under the facts proven the burden did not shift to the savings bank and that the court should have instructed

the jury to return a verdict in its favor for the full amount of the $3,600 note.

We hold the contention of plaintiff in error is not tenable for the reason that it, savings bank, pleaded it was a holder in due course for value, and submitted its requested instruction No. 2, wherein it requested the court to instruct the jury that if they found it, Marble Savings Bank, a holder in due course for value in good faith of the $3,600 note, then it would be entitled to recover such sum with interest, and it cannot now complain and assert as grounds for reversal the giving of a similar instruction by the court in its general instructions, and now apparently change its theory, and we deem it unnecessary to pass upon the merits of the assignment otherwise.

Plaintiff in error urges under certain of its assignments of error that the court erred in overruling its motion for judgment notwithstanding the verdict. No error was committed by the court in such ruling under the holding of this court in the case of Hanna v. Gregg, 92 Okla. 34, 217 Pac. 434, and other decisions.

Plaintiff in error asserts there was error in the assessment of the amount of its recovery in that it was too small; that the verdict and judgment are not sustained by the evidence and are contrary to law.

Defendants in error reply, saying the sufficiency of the evidence was not challenged by plaintiff in error in that it did not demur, or ask an instructed verdict, or otherwise attack the sufficiency of the evidence. Plaintiff in error submitted its requested instruction No. 2, wherein it requested the court to instruct the jury to find in any event for certain sums, and if a holder in due course, then for the total amount. which requested instruction we consider sufficient to come within the holdings of this court upon such point. No specific argument is presented under the last above assignments, and we shall consider the general arguments in the brief as applicable to the above assignments.

Under the holdings of this court in the following cases: Gourley v. Williams, 46 Okla. 629, 149 Pac. 229; Hatcher v. Kinkaid, 48 Okla. 163, 150 Pac. 182; Cunningham v. Spencer, 111 Okla. 217, 239 Pac. 444, and similar holdings of this court, it would appear plaintiff in error was entitled to attorney's fees as specified in its mortgage, or at any rate in proportion to the amount adjudged due thereunder. Likewise, it would appear that the savings bank was entitled to recover interest on its note and mortgage prior to date of judgment. If such interest was disallowed because of failure to produce interest coupons, which does not seem to be the reason, possibly upon retrial the coupons will be introduced or accounted for.

Plaintiff in error urges that the Penningtons, mortgagors, were not entitled to the offset in damages allowed for failure to release the $2,500 mortgage, and asserts error by reason thereof, which contention we consider meritorious and correct. Statement of the court in the case of Chase v. Sporn, 98 Okla. 72, 224 Pac. 171, that:

"Before defendants could maintain an action on this claim, or be permitted to use it as a counterclaim or set-off, it would be necessary for them to show a lease, or an enforceable contract for a lease, to one who was ready and able to consummate the transaction, and that the failure thereof was caused solely by the defective title,"

—we think applicable, and the correct rule in the case at bar.

Also, this court in the case of First Nat. Bank of Indiahoma v. Carr, 72 Okla. 262, 180 Pac. 856, said:

"There are a number of cases in our court holding that if there is a dispute or controversy between the parties as to the amount due on the mortgage, and it is claimed in good faith that a balance is due, no liability for damages arises for failure to release"

—and similar holdings will be found in American Nat. Bank v. Jorden, 123 Okla. 151, 254 Pac. 706, and cases therein cited.

The instruction, which was objected to by plaintiff in error, given upon the question of damages, was insufficient in that it omitted the question of good faith of the savings bank, and otherwise failed to correctly apprise the jury as to the law in the matter. Section 7642, C. O. S. 1921, provides a remedy and damages for failure to release real estate mortgage, and it is urged by plaintiff in error that such provision is exclusive. We find no holding of this court on the question, but are favorably impressed with the reasoning and holding of the Supreme Court of Washington in the case of Morrill v. Title Guaranty & Surety Co., 162 Pac. 360, 163 Pac. 733, which construes a statute very similar to ours, and holds the statutory damages exclusive. However, we do not find it necessary to pass on that particular question in the case at bar.

We further conclude from all the evi-

dence, facts and circumstances, that the savings bank was not required to release the $2,500 mortgage assigned to it until and unless the plaintiff's mortgage was released. The verdict and judgment allowing the mortgagors damages was not supported by sufficient evidence, is contrary to law, and to the extent and amount of such damages the judgment in favor of the savings bank was insufficient.

The mortgage of the First State Bank of Vanoss contained the provision that it was subject to the prior mortgage of $2,500. It was also junior in time and record to the $500 commission mortgage, and will be placed in no different or worse position than it was originally, should it be held, as we think it should, that the savings bank was subrogated to the rights under the mortgages prior to the Vanoss bank's mortgage to the extent and amount paid out by the loan company on such prior mortgages. The mortgagors, the Penningtons, are not in position to assert that the mortgage of the First State Bank of Vanoss is first and prior since they executed the $3,600 mortgage and recited therein that it was a first mortgage.

In view of the record it appears that the Marble Savings Bank should be subrogated to all rights and sums under the $2,500 mortgage and the commission mortgage to the extent that it should be adjudged to hold a first lien thereunder on the lands described to the extent and amount paid and expended by the Conservative Loan Company in disbursements on such notes and mortgage, such sums aggregating approximately $2,875, according to the evidence (however such sum may appear or be shown otherwise on a re-trial), together with interest on such sum from the date the savings bank purchased the $3,600 note and mortgage, unless it should be shown that the interest on the $3,600 note has been paid up and to a later date, and any balance due the savings bank under its $3,600 note and mortgage should be held junior and inferior to the mortgage of plaintiff, the Vanoss State Bank.

This court has frequently approved of the doctrine of subrogation as applied by equity in cases somewhat similar to the one at bar, among such being Foster v. Whittenton, 96 Okla. 187, 221 Pac. 52; Boyd v. McKenney, 118 Okla. 8, 246 Pac 406; Richardson v. Amer. Surety Co., 97 Okla. 264, 223 Pas. 389; Marks v. Baum Bldg. Co., 73 Okla. 264, 175 Pac. 818; Midland Savings & Loan Co. v. Sutton 55 Okla. 84, 154 Pac. 1133. See, also, 25 R. C. L. p. 1337; Union Mort-

gage Trust Co. v. Peters & Tresevant (Miss.) 30 L. R. A. 829.

From an examination of the entire record in this case, and authorities and argument presented, we conclude that the verdict and judgment herein are not supported by and are against the clear weight of the evidence, and that there were errors of law affecting the substantial rights of plaintiff in error by reason of which this cause should be and is reversed and remanded for a new trial

BENNETT, FOSTER, TEEHEE, and REID, Commissioners, concur.

By the Court: It is so ordered.