### WATSON v. BUTLER et al.
### McCREE et al. v. LOCAL BLDG. & LOAN ASS'N.

No. 21950.    Jan. 22, 1935.

OSBORN, V. C. J.    George Butler and Sarah Butler sued Ioan V. Watson in the district court of Tulsa county for foreclosure of a real estate mortgage. A separate suit was filed by the Local Building & Loan Association of Oklahoma City to foreclose a real estate mortgage on the same property. The two causes were consolidated in the district court, and after trial, judgment was rendered in favor of plaintiffs decreeing a foreclosure of the mortgages involved, and defendants appeal. There is no dispute between the plaintiffs as to the priority of their respective mortgages. The mortgage to the Local Building & Loan Association was a first mortgage and the mortgage to the Butlers was a second mortgage. The issues of law and fact are identical in the cases, so that it is not necessary to make separate statements.

Ioan V. Watson was the owner of a plot of land in the city of Tulsa, and in 1924 borrowed $31,500 from the Industrial Building & Loan Association and executed to it a mortgage on the land. She erected houses on the property and sold a number of them and reduced the indebtedness to approximately $5,000. When said indebtedness became due, defendant borrowed $4,000 from plaintiff Local Building & Loan Association and executed to it a mortgage on lots 1,

2, and 3 of block 5 of the Northside addition to the city of Tulsa. She also borrowed $1,150 from plaintiffs, George Butler and Sarah Butler, and gave them a second mortgage on the same property. With the funds so procured she paid the indebtedness owing to the Industrial Building & Loan Association and secured a release of the mortgage executed in 1924. The notes and mortgage to the Butlers were executed August 15, 1927. The notes and mortgage to the Local Building & Loan Association were executed August 19, 1927.

By way of defense it is alleged that defendant, on October 1, 1925, married one Ambrose McCree and was a married woman at the time the mortgages involved herein were executed and her husband did not sign the mortgages and that the property constituted their homestead. The plaintiffs admit the marriage on the date alleged, but contend that the evidence does not show that the property was ever used or occupied as a homestead or that the homestead character ever attached. It is further contended that when the plaintiffs herein furnished the funds at the request of the owner of the property to pay the debt and discharge the prior mortgage lien without knowledge of the intervening rights of the husband, they thereby became subrogated to the lien of the mortgage so released.

The court made a general finding in favor of plaintiffs. This constitutes a finding against defendants on the homestead issue. The evidence relating to this issue is conflicting, but it is not necessary to weigh the evidence to determine whether or not the finding of the court is contrary to the clear weight thereof, for if the trial court erred in this regard, the conclusion of the trial court is correct and should be affirmed on other grounds.

When the defendant, Ioan V. McCree, nee Watson, signed the applications for the two loans involved herein, she signed as "Ioan V. Watson, a single woman," and acknowledged the same as a single woman. It is not shown that plaintiffs had knowledge of the fact that defendant was a married woman at that time, and no negligence on the part of either of them is shown in ascertaining the true facts in this regard. It is immaterial whether or not there was an actual intent on the part of the defendant to defraud plaintiffs by misrepresenting the facts in her written application for the loan. It is evident that the mortgagees relied upon the facts as submitted by her. The contention of plaintiffs

in regard to their right to be subrogated to the lien of the former mortgage which was discharged with their funds is supported by various prior decisions of this court as well as by the great weight of authority in other jurisdictions. Marble Savings Bank v. First State Bank of Vanoss, 128 Okla. 165, 261 P. 913; Foster v. Whittenton, 96 Okla. 187, 221 P. 52; Midland Savings & Loan Co. v. Sutton, 55 Okla. 84, 154 P. 1133; 25 R. C. L. 1337; annotations and authorities collated in 33 A. L. R. 149; 70 A. L. R. 1396.

Having taken this view of the matter it is not necessary to notice the various other propositions presented by the parties.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.