**GHY DEVELOPERS, INC., an Oklahoma corporation, Plaintiff-Appellee,**

v.

**Jim PUMPELLY and Sharon Pumpelly, husband and wife, Defendants-Appellants.**

**No. 65067.**

Court of Appeals of Oklahoma, Division No. 4.

June 2, 1987.

Lynn D. Nolen, Muskogee, for plaintiff-appellee.

Bill Haworth, Muskogee, for defendants-appellants.

BRIGHTMIRE, Presiding Judge.

The issue presented is whether the trial judge erred in requiring the mortgagors to pay all of mortgagee's attorney fee expense incurred in foreclosing a mortgage which provided for mortgagors to pay a fee of only $25.

We conclude that he did, vacate the order and remand for further proceedings.

**I**

Following the rendition of substantial pretrial and trial services by the attorney employed by the plaintiff mortgagee, GHY Developers, the trial court handed down a decree foreclosing plaintiff's mortgage. A short time later plaintiff asked the court to grant it a reasonable attorney fee of what ultimately amounted to $3,225. The request was challenged, however, by the defending mortgagors who contended the court could award plaintiff no more than $25—the amount set out in the mortgage in the following manner:

> "Said first party [mortgagor] further expressly agrees that in case of foreclosure of this mortgage ... the mortgagor will pay to the said mortgagee $25.00 ... as attorney's or solicitor's fees therefor, in addition to all other statutory fees...."

The trial court rejected defendants' contention, held a *Burk* hearing and, based upon the evidence presented, awarded plaintiff an attorney fee judgment against defendants in the amount of $3,225.[1]

Defendants appeal advancing the same contention here—that awarding a fee in excess of $25 was impermissible.

**II**

In their supporting argument defendants recognize that 42 O.S.1981 § 176 specifies

---

1. *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659 (Okl.1979).

that in an action "to enforce any lien," including the foreclosure of real estate mortgages under 12 O.S.1981 § 686, the prevailing party is entitled to a judgment for his attorney fee against his adversary. But, say defendants, the courts have also recognized the right of parties to contract for an attorney fee and while the high court has frequently permitted such a contract to be challenged as excessive, they cannot find where it has permitted judicial interference with such contractual right because the agreed amount was inadequate. Our research confirms the findings of the defendants.

The first thing to bear in mind is that we are not dealing with a dispute between attorney and client but between two parties to a contract—the mortgagors and a mortgagee. The mortgage, of course, secured a note. No note appears in the record, however, and this is unfortunate because if it happened to also provide for recovery of an attorney fee incurred in enforcing payment, as notes frequently do, it might help resolve the problem.[2] Mortgages may also provide for the mortgagor to pay an attorney fee in the event of foreclosure, as the one in this case does. It is also true that it is the mortgagee who ordinarily prepares the mortgage and it is the mortgagee who, of course, hires the foreclosing lawyer and to a certain extent controls the litigation. At the same time one has to recognize that a mortgagor can embark on a course of excessive resistance designed to delay or defeat the foreclosure which can result in the mortgagee running up extraordinary attorney fee expenses and this may, under certain circumstances, become a matter for judicial consideration.

The rule adopted early on in this state is that where the amount of an attorney fee for foreclosure is definitely fixed in a real estate mortgage, and suit is filed to foreclose, the court should allow the agreed fee absent an objection to its amount "by

pleadings or evidence." *Marble Sav. Bank v. First State Bank of Vanoss*, 128 Okl. 165, 261 P. 913 (1927). Further, it has been held that the amount of mortgagee's attorney fee entitlement stipulated by the parties to a mortgage in the event of foreclosure is "part of the contract" and will be considered "reasonable, unless it is extravagantly large and extortionate, so as to show that it was intended as a penalty." *Gourley v. Williams*, 46 Okl. 629, 149 P. 229 (1915).

The thrust of most of the cases on the subject is that in situations where one party becomes obligated by contract or law to pay the other party's fee, the court's inherent equitable powers can be invoked by the obligor to prevent the fee reimbursement from exceeding a reasonable amount. Such a rule is to be distinguished, however, from a judicial intervention to "protect" a mortgagee from the consequences of having agreed to pay all of a foreclosure fee or all except a small, token fee, as here. Such intervention is not generally permissible.

The court may, however, be called upon to determine what the parties agreed to when a proper challenge is presented. It is this preliminary issue—what the parties agreed to—that was neither tried nor decided before the attorney fee award was made so far as we can tell from reviewing the record. Since we are unable to discern the court's premise for the attorney fee award, we vacate the attorney fee judgment and remand the case for further proceedings to determine whether any legal basis exists for ignoring the term of the contract dealing with the mortgagors' liability for mortgagee's attorney fee expense.

RAPP, J., and STUBBLEFIELD, J., concur.

---

[2] Although the petition recites that a copy of the note is attached to the petition as exhibit "A" it is not. Exhibit "A" is an "Amortization Schedule," and the petition does not otherwise allege what the terms of the note are. Indeed, at the July 11, 1985, hearing on attorney fees, counsel

for the defendant mortgagors advised the court there was no note—a representation of fact not challenged by the plaintiff's lawyer. Since a mortgage follows and secures payment of a note one has to wonder what the judgment is based upon if there "was no note."