## CITY OF CLAREMORE v. SOUTHWESTERN SURETY INS. CO.

No. 10155—Opinion Filed May 31, 1921.

(Syllabus.)

1. **Trial—Direction of Verdict—When Justified.**

Where the evidence introduced by the plaintiffs makes out the plaintiffs' case, and the defendant introduces no evidence to rebut it, the court should instruct a verdict for plaintiffs.

2. **Same—Grant of New Trial—Reversal—Action by City on Bond Indemnifying Against Defective Paving.**

Where a surety company signed as surety a maintenance bond for a paving contractor, which bond contains the following stipulation: "Whereas, the New State Paving Construction Company having guaranteed under the contract with the city of Claremore, dated the 5th day of July, 1910, that the asphalt macadam described in said contract, for the consideration, and under the conditions therein mentioned, shall be constructed with such materials, and in such manner that the same shall endure for a period of five years, from and after the completion and acceptance of the same, and shall be maintained by the party of the first part at its own expense, free from any and all failures and breaks during said period: Now, Therefore, If said pavement shall endure for a period of five years from and after the completion and acceptance thereof, and shall be maintained by the party of the first part at its own expense, free from any and all failures, breaks, and imperfections during said period of five years, as herein provided, then this obligation shall be void, otherwise to be in full force and effect"— and after the expiration of the five years, the city, as beneficiary in the bond, commenced an action to recover the full penalty in the bond, and its petition sufficiently charged a breach thereof, and the surety company admitted the execution of the bond, and that the same had been breached, and the uncontradicted testimony of the plaintiff conclusively showed that such breach had resulted in damages to the city in an amount far in excess of the amount of the penalty, and the defendant demurred to the evidence of the plaintiff and moved for an instructed verdict in its behalf, which was overruled by the court, and, defendant declining to offer any testimony, the court instructed the jury to return a verdict in favor of the plaintiff, which verdict was returned, and upon which the court accordingly rendered judgment, and the defendant thereafter filed its motion for a new trial, which was sustained by the court, and the verdict and judgment were set aside, from which latter order the plaintiff appealed—held: (a) That under the record the plaintiff was entitled to have the judgment rendered in its favor that was rendered; (b) that the trial court materially erred with respect to a pure, simple, and unmixed question of law in granting a new trial; (c) that the judgment of the trial court granting a new trial be reversed and the cause remanded, with directions to the trial court to set aside the judgment appealed from, leaving the judgment in favor of the plaintiff intact.

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by the City of Claremore against the Southwestern Surety Insurance Company on indemnity bond. Judgment for plaintiff, and from action of court in granting new trial, plaintiff brings error. Reversed and remanded, with directions.

L. S. Robson, for plaintiff in error.

Fred P. Branson and Glenn Alcorn, for defendant in error.

JOHNSON, J. The city of Claremore, a municipal corporation, hereinafter called the plaintiff, commenced this action in the dis-

trict court of Rogers county to recover against the defendant, Southwestern Surety Insurance Company, a corporation, upon a contractor's maintenance bond signed by the defendant as surety, given to indemnify the plaintiff against defects in certain blocks of paving construction by the New State Paving & Construction Company under a contract with the city for a period of five years, the amount sued for being $4,381.67.

After the issues joined, the cause was tried to a jury, and resulted in a verdict and judgment in favor of the plaintiff for the amount sued for. Thereafter the defendant filed a timely motion for a new trial, which was sustained by the court and judgment was set aside, and from the judgment of the court sustaining the defendant's motion for a new trial and setting aside verdict and judgment in favor of the plaintiff, the plaintiff has regularly commenced this proceeding in error.

The record discloses that at the close of the plaintiff's testimony the defendant demurred to the same and moved for an instructed verdict in favor of the defendant, which being overruled by the court, the defendant declined to offer any testimony. Thereupon the court instructed the jury to return a verdict in favor of the plaintiff for the amount sued for. The record discloses that when the court overruled the defendant's demurrer to the evidence and motion for instructed verdict, the following proceedings were had:

"By the Court:    Mr. Alcorn, is there a question of fact in this case for a jury to pass upon at this time under the conditions of this record that you know of?

"By Mr. Alcorn: If your Honor has not erred in the admission of testimony, and I must assume that you have not, there seems to me to be but little controversy as to the facts.

"By the Court: the testimony of this expert —you have saved your point—you got your record on it. If it is of no value, you are entitled to a verdict.

"By Mr. Alcorn: If it is of no value we are entitled to a verdict and Your Honor has refused to grant that and overruled our demurrer. If it is any value he has sworn under his solemn oath that damages amount to $7,-100.00, considerable in excess of the amount paid for and more than the amount of the bond. I don't care to argue this case.

"By the Court: I don't know of any controverted question in it.

"By Mr. Alcorn: I don't care to go on record at this time as saying there is no contro-versy. There is some facts here, but I leave that solely to Your Honor to do as you care to with. I don't know whether they will ask for an instructed verdict."

The defendant's motion for new trial contained all the statutory grounds, and also a motion was filed by the defendant for a judgment notwithstnding the verdict. The court sustained the defendant's motion, but assigned no reason therefor.

Counsel for both parties in their briefs refer to the oft announced rule of this court, "That in the matter of granting a new trial, the discretion of the trial court is very wide, and that its action in doing so will not be set aside on appeal unless it clearly appears that in granting a new trial it has taken an erroneous view of some pure and unmixed question of law, and that this erroneous view resulted in the order." St. L. & S. F. Ry. Co. v. Wooten, 37 Okla. 444, 132 Pac. 479; National R. & B. Co. v. Elsing, 29 Okla. 334, 116 Pac. 790; Stapleton v. O'Hara, 33 Okla. 79, 124 Pac. 55; Jamieson v. Classen Co., 33 Okla. 77, 124 Pac. 67; Ardmore Lodge v. Dawson, 33 Okla. 37, 124 Pac. 66. This rule has never been departed from by this court, and has been reannounced and reiterated in at least a score of later cases than the ones cited, supra.

In the case of Byers v. Ingraham, 51 Okla. 440, 151 Pac. 1061, the third paragraph of the syllabus is as follows:

"Where certain facts in issue in a cause are established by uncontroverted testimony, it is not necessary for the trial court to submit such facts to the jury for finding, and it is not error for the court to tell the jury that such facts are established, and to announce the law applicable to such facts, and to direct the jury to find accordingly."

And, again, in the case of Hamilton v. Blakeney, 65 Oklahoma, 165 Pac. 141, this court said:

"When the plaintiff introduces sufficient evidence to prove his case, and defendant's evidence does not conflict therewith, or when the evidence of defendant, together with all legitimate inferences in its favor, fails to present a defense, the court should direct a verdict for the plaintiff." Homeland Realty Co. v. Robison, 39 Okla. 591, 136 Pac. 585; Cockrell v. Schmitt, 20 Okla. 207, 94 Pac. 521; 149 Pac. 1129.

The latter rule is equally well established by the decisions of this court as the former.

As before stated, the defendant offered no testimony upon the trial, and counsel for the defendant say in their brief:

"The record in this case discloses only two real issues of fact, as we point out above; (1) Was there a breach of the defendant's bond? (2) What was the amount of damages sustained by the plaintiff by reason of that breach? For the purpose of this brief, it may be admitted by the defendant that there was a breach of the maintenance bond sued upon, thus leaving the second issue raised at the trial, and the questions arising therefrom, for the decisions of the court. The defendant will, therefore, confine its argument to such questions in an effort to show that the trial court properly granted its motion for a new trial, and that the ruling of that court should not be disturbed."

Counsel for defendant then argues only two propositions in his brief: First: The ruling of the trial court in sustaining defendant's motion for a new trial should be upheld unless clearly erroneous. Second: The trial court erred on questions of law on the trial of this cause, and the motion for a new trial was properly sustained on any or all of the grounds for a new trial set forth in paragraphs 5, 6, 7, 9, 10, 11, 12, and 13, in defendant's motion for a new trial; and, after citing the authorities supra, counsel argue in their brief that the judgment rendered in favor of the plaintiff was erroneous because the plaintiff failed to prove any damages.

The record does not support this contention of counsel, but, on the other hand, the proof was clear and uncontradicted that the cost of repairing the blocks of paving would be far in excess of the amount sued for and recovered. It being clear from the record and from the admission of counsel in their brief that the only question we have for consideration on this appeal is as to whether or not the plaintiff proved the amount of damages for which it obtained judgment, and the uncontradicted testimony of the plaintiff showing conclusively that to repair the defects in the paving to conform with the plans and specifications of the contractor would have cost at the end of the five-year period for which the maintenance bond was given, to wit, July, 1915, far in excess of the amount of the judgment, we entertain no doubt, and it is manifest from the record, that the trial court erred as a matter of law in setting aside the judgment. The defendant surety company admitted that it signed the bond as surety, and its counsel in their brief admitted that there had been a breach of the bond, and as plaintiff's proof conclusively showed that it had been damaged in an amount greatly in excess of the amount of the judgment, it is clear from the record that it was entitled to have the judgment rendered in its favor that was rendered. In these circumstances, it is clear to us that it would be manifestly unjust to the plaintiff to be put to the delay and expense to again try the case, and that the judgment of the trial court granting a new trial was erroneous, and is not supported by law.

The judgment is reversed, and the cause remanded, with directions ⌐ set aside the judgment so rendered, leaving the judgment of the trial court in favor of the plaintiff intact.

HARRISON, C. J., and MILLER, ELTING, and KENNAMER, JJ., concur.