**FIRST NAT. BANK OF HARTSHORNE v. ANDERSON & CO. et al.**

No. 11636—Opinion Filed May 22, 1923.

Rehearing Denied July 3, 1923.

(Syllabus.)

1. **Pledges—Sale of Pledged Property by Pledgor—Consent of Pledgee.**

While the pledgee of property is entitled to the possession of the pledged property

until full tender for the debt for which it is pledged is made, yet, if the pledgee authorizes the pledgor to sell the property and such pledgor makes the sale in conformity with the authority granted, such sale will be held to be binding on the pledgee.

## 2. Trial—Directed Verdict For Plaintiff.

Where the evidence introduced by the plaintiff established the plaintiff's case, and the defendant introduced no evidence to rebut it, the court should instruct a verdict for the plaintiff.

## 3. Same—Replevin.

Record examined, and held, the court committed no error in instructing the jury to find for plaintiffs.

Error from District Court, Bryan County; George S. March, Judge.

Action in replevin by Neil P. Anderson & Company, a partnership composed of Morris E. Barney and B. L. Anderson, against the Inland Compress Company, a corporation, and A. F. Cothran, for possession of 73 bales of cotton; the First National Bank of Hartshorne, intervener. Judgment for plaintiffs. Intervenor brings error. Affirmed.

Hulsey, Null & Hulsey, for plaintiff in error.

McPherren & Hannah, for defendants in error.

KENNAMER, J. Neil P. Anderson & Company, a partnership composed of Morris E. Barney and B. L. Anderson, plaintiffs, instituted this action in the district court of Bryan county against the Inland Compress Company, a corporation, and A. F. Cothran, defendants, in replevin, to recover possession of 73 bales of cotton. The First National Bank of Hartshorne, Okla., intervened in the action asserting ownership in the property involved in the action. The cause was tried on the 11th day of March, 1920, which resulted in a judgment in favor of the plaintiffs. The trial court instructed the jury to return a verdict in favor of the plaintiffs. The intervener prosecutes this appeal to reverse the judgment of the trial court.

In the trial of the cause it was agreed that the Inland Compress Company and A. F. Cothran be eliminated as unnecessary parties for the purpose of judgment in the case, as the Inland Compress Company, on the date the action was instituted, held the possession of the cotton as a disinterested stakeholder, ready to deliver it to the party entitled to possession.

The material facts necessary to be considered in determining the questions presented under the assignments of error, in substance, are:

That the First National Bank of Hartshorne furnished money to A. F. Cothran, who was a cotton buyer, to purchase the cotton in controversy. It appeared that Cothran, in buying cotton, would send bills of exchange to the bank with compress tickets attached, and that the indebtedness of Cothran was represented by the bills of exchange; the compress tickets, which entitled the holder to the cotton in the warehouse, being held as security for the money advanced to Cothran in purchasing the cotton, as shown by the bills of exchange. On the 8th day of July, 1919, Cothran sold the 73 bales of cotton in controversy to Neil P. Anderson & Company at 31 1-16 cents per pound at Durant, Okla., and caused the draft in payment for said cotton to be sent to the First National Bank of Hartshorne for the bank to attach the compress tickets thereto, thereby enabling the purchaser to obtain possession of the cotton on payment of the draft. The bank refused to accept the draft and attach the tickets to it.

The market value of the cotton on the date of judgment was agreed to be 34-½ cents per pound and the amount of cotton involved in the action 30,445 pounds. It was also agreed that the plaintiffs in the action obtained possession of the cotton under the writ of replevin issued; that they had sold the same and could not produce it in the event that it was determined that the intervener was entitled to possession; that if judgment was in favor of the latter, it should be for the difference in the value of the cotton at the time the plaintiffs took possession under writ of replevin, which had been sold and the proceeds delivered to the intervener, and its value on the date of the trial, which amount is $638.99; that the replevin bond should be considered as running in favor of the intervener instead of the defendants in the action.

Counsel for the bank, the intervener, contend that the delivery of the compress tickets or warehouse receipts issued by the Inland Compress Company vested it with the title to the cotton represented thereby; and, if not the absolute title, at least a special ownership entitling it to the possession of the cotton or to its value. They also contend that Cothran had no right to

sell the cotton without the consent of the bank.

Counsel for Neil P. Anderson & Company, the plaintiffs, contend, according to a well-established custom and usage particularly applicable to the cotton business, that Cothran had full power to make all sales of cotton which he had bought with money furnished by the bank without consulting the bank, by delivering the proceeds of such sales to the bank; and that such a sale as the one at issue vested them, the plaintiffs, with full title to the cotton free from the claim of the bank.

It was also contended by the plaintiffs in the action that Cothran, in making the sale of the cotton to them, had been expressly authorized by the intervening bank through its vice president, who was the active managing officer of the bank, to sell the cotton. It is clear, according to the provisions of section 11112, Comp. Stats. 1921, that the warehouse receipts or tickets represent the property, and the holder thereof is to be considered the actual and exclusive owner to all intents and purposes of the property described in such receipts. This is true in the absence of evidence qualifying the delivery of the receipts, such as the evidence of the contract of pledge. It is plain from the evidence in the instant case that Cothran, in delivering the warehouse tickets to the bank, thereby pledged the cotton represented by the tickets to the bank for the money advanced to him in purchasing the cotton. The rule is well established that the pledgee is entitled to the possession of the property until a full tender of the debt for which it is pledged is made. 21 R. C. L., p. 679. While the relation of pledgor and pledgee existed between the bank and Cothran, the bank was entitled to the possession of the cotton until the full tender of its debt; yet the bank could authorize Cothran, as its agent, to sell the cotton for it, and this is what the undisputed testimony shows the bank did in this case.

Cothran testified that, prior to making the sale of the cotton to the plaintiffs in this case, he talked to Mr. Tuel, the vice president and active managing officer of the intervening bank, about selling the cotton, and that Mr. Tuel expressly agreed for him to make the sale. At the close of the testimony introduced by the plaintiffs the intervening bank interposed a demurrer to the evidence of the plaintiffs, and after the trial court had overruled the demurrer the intervening bank rested its case without

the introduction of any testimony. The record discloses, however, that Mr. Tuel was present at the trial, and, although Cothran had testified positively to his authority to make the sale of the cotton, the bank rested its case without offering any testimony.

The rule is well established in this jurisdiction that, where the evidence introduced by the plaintiffs establishes the plaintiffs' case and the defendant introduces no evidence to rebut it, it is the duty of the court to instruct a verdict for the plaintiffs. City of Claremore v. Southwestern Surety Ins. Co., 82 Okla. 118, 198 Pac. 573; Longest v. Langford, 68 Okla. 172 Pac. 927.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, HARRISON, and MASON, JJ., concur.