## WEBB et al. v. AETNA CAS. & SURETY CO.

No. 30693. March 28, 1944.

147 P. 2d 169.

Byrne A. Bowman and A. K. Little, both of Oklahoma City, for plaintiffs in error.

Looney, Watts, Fenton & Eberle, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by N. L. Webb, Mrs. N. L. (Esther) Webb, and Jess Hitt, hereinafter referred to as defendants, from a judgment of the district court of Oklahoma county which was rendered against them in pursuance of a directed verdict in favor of Aetna Casualty & Surety Company, hereinafter referred to as plaintiff, in an action brought to recover damages alleged to have been sustained as the result of a conspiracy to defraud which said defendants had entered into and carried out in the State of Texas. The action was instituted against the defendants under the aliases which they had used in Texas and which they were using in Oklahoma. Money in the bank and stock accounts in a brokerage house which were being carried in the name of C. A. Conlay, the alias which N. L. Webb was using at the time, was seized under writs of garnishment, and an automobile which Jess Hitt, under the alias of C. D. Rea, was driving was seized under a writ of attachment. Mrs. N. L. (Esther) Webb appeared and sought to obtain a discharge of the writs of garnishment, but when she was unsuccessful took no appeal from the order entered thereon and made no further appearance other than that raised by her separate answer. The other defendants filed separate answers and appeared by attorneys but made no appearance in person. Trial was had to a jury. The plaintiff introduced a number of depositions in evidence which the court permitted counsel for plaintiff to summarize as they were being introduced over the objection of the defendants, reserving to the defendants, how-

ever, the right to object to any particular portions of the depositions. The defendants offered no evidence to refute that of the plaintiff other than a transcript of the testimony which Mrs. N. L. (Esther) Webb had given on the hearing of the motions to dissolve the garnishment. The plaintiff and the defendants moved for directed verdict in their favor at the close of all the plaintiff's evidence. The motion of plaintiff was sustained, and on the verdict so returned a judgment was entered for the plaintiff. The defendants appeal by three separate petitions in error. N. L. Webb as grounds for reversal urges eight propositions which, in substance, are as follows: (1) It was error to permit counsel for plaintiff to summarize the depositions as they were introduced in evidence; (2) it was error to permit the action to be tried upon the petition of the plaintiff; (3) it was error to overrule a motion of defendants to dismiss the action of plaintiff as to a $3,540 item; (4) it was error to overrule motion to dismiss plaintiff's first cause of action; (5) it was error to overrule motion to dismiss plaintiff's third cause of action; (6) it was error to direct a verdict for the plaintiff; (7) it was error to overrule a motion of defendants for directed verdict; (8) it was error to overrule motion of defendants to quash the garnishment as to funds in excess of $3,540. Mrs. N. L. (Esther) Webb adopts all of the above propositions and in addition thereto urges that there was no conclusive proof that the defendants were engaged in a joint adventure, and therefore she could not be held as a joint tort-feasor, and the further contention that she should be awarded the money and stocks which were seized under the writ of garnishment. Jess Hitt adopts all of the propositions urged by N. L. Webb and in addition thereto the contention of Mrs. N. L. (Esther) Webb that there was no conclusive proof of a joint adventure, and that he therefore should not be held liable to the plaintiff, and the further contention that he should be awarded the proceeds of the sale of the automobile.

Under the record which has been brought here, all of the contentions made by the respective defendants possess little, if any, relevancy. The contention relative to error in permitting counsel for plaintiff to summarize the depositions manifestly could have no bearing on the verdict where such verdict was a directed one. Under these circumstances, the cases of Hart v. Frost, 73 Okla. 148, 175 P. 257, and Hill v. Interstate Transit Lines, 137 Neb. 110, 288 N.W. 508, have no application.

The contention that the action should not have been permitted to go to trial on the petition of plaintiff is likewise without merit. The gravamen of plaintiff's action was a tort which had been done in furtherance of a conspiracy to defraud. The petition of plaintiff could have been more artfully drawn and was redundant in certain respects, and therefore subject to motion to strike for such reason, but the petition being sufficient to sustain a recovery by plaintiff for damages sustained as a result of the tort, there was no reversible error in permitting the action to go to trial on the petition as amended. See Nolan v. Mathis, 134 Okla. 79, 272 P. 868.

The contention of defendants embraced in the third, fourth, and fifth propositions is, in effect, that the action should have been dismissed for failure of plaintiff to comply with the provisions of the Intangible Tax Law. 68 O. S. 1941 § 1515. In support of this contention defendants cite State v. Atlantic Oil Producing Co., 174 Okla. 61, 49 P. 2d 534. An examination of the cited case will reveal that it is without application to the situation here involved. Plaintiff was seeking to recover damages for a tort arising out of a conspiracy. The defendants by their answers denied the conspiracy and all liability. Under these circumstances the Intangible Tax Law, supra, was wholly without application. See Nelson v. Zahn Grain Co., 191 Okla. 181, 127 P. 2d 803; Kahan v. Schonwald, 192 Okla. 307, 135 P. 2d 971.

The contention of defendants that a

verdict should not have been directed for the plaintiff presents the sole relevant issue. The plaintiff introduced evidence which was reasonable and not inherently improbable, and which made out a case in its favor, and the defendants offered no evidence to refute the case so made. Under the circumstances there was nothing to go to the jury, and it was the duty of the court to direct a verdict for the plaintiff. Koehn v. Fluman, 191 Okla. 71, 126 P. 2d 1002; Yellow Cab Operating Co. v. Robinson, 187 Okla. 669, 105 P. 2d 535; City of Claremore v. Southwestern Surety Co., 82 Okla. 118, 198 P. 573.

The contention of Jesse Hitt that this court render a judgment in his favor for the proceeds of the car which was sold under attachment is wholly unsupported by any argument or authority.

A review of the entire record in this case reveals that plaintiff was a victim of a conspiracy to defraud it entered into and consummated by the defendants in the State of Texas, and was seeking to recoup by this action some of the damages so sustained; that under the evidence a directed verdict for the plaintiff was proper, and that no reversible error has been shown.

The judgment therefore is affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur.