## ATLAS LIFE INSURANCE CO. v. MILES.

No. 31792. Sept. 25, 1945.

*161 P. 2d 1022.*

Logan Stephenson and F. C. Swindell, both of Tulsa, for plaintiff in error.

Bailey E. Bell and A. C. Elliott, both of Tulsa, for defendant in error.

OSBORN, J. This action was instituted by the plaintiff, Mary D. Miles, on March 2, 1943, seeking to recover from the defendant, Atlas Life Insurance Company, under a group insurance policy issued by said insurance company to Spartan Aircraft Company and a certificate of insurance delivered under said group insurance policy to her deceased husband, William C. Miles. From a verdict and judgment for the plaintiff, the insurance company appeals. Herein the parties will be referred to as they appear in the trial court.

The undisputed facts established at the trial are that the group insurance policy was issued by defendant to Spartan Aircraft Company prior to September 1, 1942; that William C. Miles was an employee of Spartan Aircraft Company, and that on September 1, 1942, the defendant issued to William C. Miles its certificate numbered 2898 certifying that he was thereby insured against death under said group insurance policy; that the premium on said policy was paid by Spartan Aircraft Company and William C. Miles during the months of September, October, and November, 1942; that the said William C. Miles died on December 6, 1942; that William C. Miles did not work in his employment at Spartan Aircraft Company after November 10, 1942; that due notice and proof of his death were given to defendant by plaintiff, who was the beneficiary named in the certificate of insurance issued to William C. Miles. Defendant denied liability on the ground that the employment of William C. Miles by Spartan Aircraft Company had terminated on November 10, 1942; and that under the provisions of the policy and certificate the insurance terminated as to William C. Miles on said date, and that defendant thereafter was not liable to him or the beneficiary under said policy.

The case was tried to the court and jury. The court overruled defendant's demurrer to the evidence, its motion for a directed verdict at the close of all the evidence, and submitted the case to the jury, which returned a verdict in favor of plaintiff. Defendant's motion for new trial was duly overruled and it brings the case here, assigning various errors in the introduction of evidence, the refusal of the court to sustain its demurrer to the evidence, and its motion for a directed verdict, and errors in the giving and refusing of certain instructions.

As we view the case, it is unnecessary to consider the errors urged by defendant since, under the undisputed facts set out above, plaintiff was entitled to recover.

Both the group insurance policy and the certificate issued thereunder to William C. Miles were put in evidence and are contained in the record. Each contains a reconversion clause providing that in case of termination of employment for any reason whatsoever, the said William C. Miles should be entitled to have issued to him by the company, without evidence of insurability, upon application made within 31 days after the termination of employment and upon the payment of the premium and subject to the restrictions, if any, applicable to the class of risks to which the said William C. Miles belonged and to the form and amount of the policy at his then attained age, a policy of life insurance in any one of the forms customarily issued by the company to the said class of risks, except term insurance, without total and permanent disability or other special benefits, in an amount equal to the amount of his protection under the group policy at the time of the termination of his employment. Defendant in the lower court denied liability to the plaintiff under the group policy on the sole ground that the employment of William C. Miles terminated on November 10, 1942, and that under the provisions of the policy it terminated as to William C. Miles upon the termination of his employment. It makes the same contention here. It does not dispute the right of Mary D. Miles to recover under the group policy if it was still in force on December 6, 1942, the date of the death of William C. Miles.

In Equitable Life Assur. Soc. of United States v. Hoover, 187 Okla. 134, 101 P. 2d 632, this court held that a group insurance policy, which contained a provision terminating the insurance upon the termination of the employment of insured, and a further provision granting to the insured a 31 days grace period during which he could convert the policy into some other type of policy, remained in full force and effect as to such insured during the 31 days reconversion period.

Applying the rule announced in the above case to the instant case, it is clear that the policy was in full force and effect on the date of the death of William C. Miles, and that plaintiff is entitled to recover.

In Watson v. Butler, 170 Okla. 350, 40 P. 2d 653, this court said:

"Where an examination of the whole case shows that the judgment of the trial court is right on the merits, the judgment will not be reversed."

See, also, Smith v. Sutton, 67 Okla. 191, 169 P. 886.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.