MEEK v. FLYNN et vir.

No. 32334.   Oct. 22, 1946.

Rehearing Denied Nov. 26, 1946.

*174 P. 2d 363.*

Lee Gill, of Oklahoma City, for plaintiff in error.

Leverett Edwards, of Oklahoma City, for defendants in error.

GIBSON, C.J. The parties to this appeal will be referred to as they appeared in the trial court, wherein defendants in error, Sue A. Flynn and Kermit I. Flynn, were plaintiffs, and F. J. Meek, plaintiff in error, was defendant.

Defendant Meek was engaged in the real estate business in Oklahoma City

under the name of Meek Realty Company, and listed with the company for sale was an improved lot in an addition to the city which was owned by one J. T. Weaver, a resident of California.

The plaintiffs, on August 3, 1944, executed a purchase contract wherein they agreed to purchase said lot at the price of $8,400, payable $1,600 in cash at time of closing and the balance in cash out of the proceeds of a loan to be obtained by plaintiffs. By the terms of the contract such compliance was conditioned upon the seller having a record title and agreeing to furnish abstract extended to date of sale. The contract further provided that if the offer of purchase were accepted, plaintiffs would close contract within 30 days after abstract was delivered. The contract contained the following provision:

"I, or we, hereby hand Meek Realty Company as agents the sum of five hundred dollars ($500.00) to apply on the purchase price of the above described property, it being agreed and understood that in case of material legal defect in the title that cannot be cured, after filing with you written notice of such defect, the money deposited is to be returned to me, or us, but in event of my, or our, failure to complete the deal in accordance with terms set out above then the money so deposited is to be retained as part payment for services and rent for failure to consummate deal."

Appended to the contract is acknowledgment by Meek Realty Company of receipt of the $500 "to apply on the purchase price of said property in accordance with the foregoing terms", and also the written acceptance of the offer of sale and agreement to pay commission by the seller.

It transpired that a loan equal in amount to that prescribed in the contract could not be obtained with the lot as sole security therefor. At the instance of the defendant, sellers wired defendant authority to reduce the sale price to $7,500. The offer to reduce was communicated to plaintiffs on October 6, 1944, who on the next succeeding day advised the defendant in writing of their aceptance of such offer and therein requested that abstract of title covering the property be delivered at earliest convenience to plaintiffs' attorney at a given address. Defendant agreed to do so but failed to furnish the abstract and it developed that the property had been sold to another through a different real estate agency.

Plaintiffs demanded of defendant repayment of the $500 deposited with defendant under terms of the contract, and upon refusal to repay, this action was instituted for the recovery thereof. The trial court awarded plaintiffs judgment for said amount and it is from that judgment defendant prosecutes this appeal.

The assignment of error is that the judgment is contrary to the law and the evidence.

The trial court found that there was a modification of the contract whereby the amount of the consideration therein provided was reduced to $7,500; that of the consideration $500 had been placed in trust with defendant; that the terms and conditions of the contract had been violated by the sellers; and that defendant, who held said $500 as in escrow, was liable to plaintiffs therefor.

It is urged under the assignment that the subsequent negotiations were insufficient in law to effect a modification of the written contract. It is also urged that the $500 deposit with defendant was not an escrow and that it was tantamount to a payment to the sellers through the medium of defendant as their agent with right in the latter, under the prevailing custom, to deduct therefrom, when contract had been accepted, the commission then earned before remitting balance to sellers, and that by reason thereof the liability to plaintiffs, if any, rests upon the sellers and not upon defendant.

In support of the first contention reliance is placed on 15 O.S. 1941 § 237, wherein it is provided:

"A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

It is urged that the telegrams were merely communications between the sellers and their agent, were not addressed to plaintiffs and not in terms of an offer to them.

The telegram of the seller was in reply to one sent by Jimmie Kuhn, authorized agent of the defendant. The telegrams are as follows:

"Western Union

(Copy)          "Oklahoma City, Okla.,
                "September 6, 1944.

"J. P. Weaver,
"2887 Humphrey
"Richmond, Calif.

"Loan companies here held three meetings last month in effort to curb inflation in property values with result that approval of loan of $6800 was withdrawn and best now obtainable is $5850. Purchaser is unable to make larger cash payment. Rather than to disappoint you and her we are willing to waive our commission if you are willing to accept $7500 net to you instead of $8000 we hoped to net you all loans are being scaled down approximately 15% for time being, claiming that war's end will precipitate drop in values immediately. Let us know your wishes.

"38600 — Francis J. Meek. Jimmie Kuhn."

"Western Union

"KM23 8—San Francisco, Calif. 8 1007 A 1944 Sept. 8 PM 12 37

"Jimmie Kuhn, Meek Realty Co.,
"601 1st Natl. Bldg.

"Go ahead 75.00 basis of your last telegram—

"75.00          J. T. Weaver."

It is manifest that the purpose of the telegram to Weaver was to have him express a willingness to accept $7,500 in lieu of $8,000 consideration expressed in the contract to enable defendant to effect a sale under the contract at the reduced price. Such modification could be effected only through the offer thereof and acceptance by the plaintiffs. The defendant so construed it and made the offer to plaintiffs, who accepted in writing.

It is well established in this jurisdiction that a contract, binding under the statute of frauds, may be made through letters, writings and telegrams so related to the subject matter and connected with each other that they may fairly be said to constitute one paper (Halsell et al. v. Renfrow et al., 14 Okla. 674, 78 P. 118, 2 Ann. Cas. 286, affirmed 202 U. S. 287, 50 L. Ed. 1032). The sole question here is whether the telegram from Weaver to defendant, when the substance thereof was communicated to plaintiffs, constituted a written offer. We hold that it was because it was an offer in writing addressed to seller's agent to be communicated to plaintiffs and that with the communication the offer in writing became made to the plaintiffs.

In support of the contention that the $500 deposit was to be treated as part payment of the consideration, it is urged that the appended receipt signed by defendant recites that the $500 deposit was in part payment of the purchase price. Also, that the words "as agents," used in the quoted paragraph to designate the capacity in which defendant received the deposit had reference to defendant's capacity as agent of the seller.

The authority to receive the $500 deposit is to be found in the quoted paragraph. The receipt, by its terms, acknowledges that it is received in pursuance thereof. Hence the language of the receipt is to be reconciled with the contract, and when so construed it in no wise conflicts with the terms of the contract.

The word "agents", as used in the following words of the quoted paragraph, "I, or we, hereby hand Meek Realty Company as agents," has no ref-

erence to the agency of the defendant created by the employment of the seller but refers to the authority and duty created and arising through the next following language of the paragraph. Thereunder is granted to defendant a power with reference to the deposit that is for the benefit of another as well as for plaintiffs, and hence there arose a trust (Taylor et al. v. Davis' Adm'x, 110 U. S. 330, 334, 4 S. Ct. 147, 28 L. Ed. 163). Under the terms thereof, if the deal were closed, the defendant was obligated to pay said sum to seller as a credit to plaintiffs on the purchase price. If the deal were not closed through inability of seller to give good title, the deposit was to be returned to plaintiffs, and if the failure to close was due to failure of plaintiffs, as purchasers, to comply, the deposit was to be held for use and benefit of the seller. No right to a personal interest in the deposit arose by virtue of the agency so created. And any right of defendant therein could arise only through the relation between defendant and seller, and then only after the deal was closed or the contract breached by the plaintiffs.

The judgment of the trial court is affirmed.

HURST, V.C.J., and RILEY, BAYLESS, and WELCH, JJ., concur.