## HALL v. DEAL.

No. 34227.   July 17, 1951.

*234 P. 2d 384.*

Arthur H. Dolman, Dallas, Tex., for plaintiff in error.

David A. Kline, Oklahoma City, for defendant in error.

GIBSON, J. The parties are reversed in their appearance here from their positions in the trial court, but we shall refer to them as they appeared in that court.

Defendant, C. J. Hall, was engaged in the real estate business in Oklahoma City under the name "City Mortgage and Sales Company."

Judgment was rendered by the trial court on a verdict in favor of plaintiff, and defendant appeals.

Defendant first contends that the trial court erred in overruling defendant's demurrers to plaintiff's petition and to his evidence.

Plaintiff, Roy B. Deal, in his petition, alleges that he entered into negotiations with J. S. Hicks for the purchase of a home in Oklahoma City; that while plaintiff and his daughter were inspecting the property, in the absence of Mr. Hicks, defendant appeared and stated that he represented the owner, and that he desired a written contract with a check for $300 to apply on the purchase price in the event the transaction was completed, and if not so applied it was to be destroyed. That plaintiff gave defendant his check and that it was agreed that defendant would not cash the check; that the deal was closed after some delay; that plaintiff paid all of the purchase price to Hicks, the owner; that defendant cashed the check and that he has ever since failed to pay plaintiff the sum of $300, having appropriated said amount to his own use without authority or right.

In his brief, defendant says that plaintiff's check for $300 mentioned in his petition and a copy attached as Exhibit A, on its face was a written order for immediate payment of money without qualification, and that the allegation of an oral agreement that the check would be destroyed if the sale was not consummated, or that it was understood that the check was not to be cashed, was in conflict with the terms of the written contract. It is further contended that some writing must appear in the check or other instrument to permit the introduction of parol evidence to show the agreement under which the check was given. Defendant cites cases in support of the well known rule of law that a petition alleging an oral agreement in violation of the parol evidence rule fails to state a cause of action. Plaintiff says that this action is one for the recovery of plaintiff's money which defendant has converted to his own use.

In his reply brief plaintiff says that this contention is raised for the first time in this appeal, and that the petition makes no mention of conversion. The petition is not skillfully drawn, but in our opinion it does state facts sufficient to charge a conversion although the words "conversion" or "converted" are not used.

Plaintiff did not sue upon the written contract, but the contract was introduced in evidence by the defendant without objection. The contract is in three parts: (1) An agreement by plaintiff to purchase certain real estate at a total price of $13,000, the owner to pay certain taxes. Then appears this paragraph:

"I, or we, hereby hand City Mortgage and Sales Company, as agents the sum of Three Hundred Dollars ($300.00) to apply on the purchase price of the above described property, it being agreed and understood that in case of material legal defect in the title that cannot be cured, after filing with you written notice of such defect, the money deposited is to be returned to me, or us, but in event of my, or our, failure to complete the deal in accordance with terms set out above then the money so deposited is to be retained as part payment for services and rent for failure to consummate deal."

This part of the instrument was signed by plaintiff. (2) The obligation of defendant as follows:

"Oklahoma City, Okla

"June 6, 1947

"Received from Roy B. Deal the sum of Three Hundred Dollars ($300.00) to apply on the purchase of said property in accordance with the foregoing terms.

"City Mortgage and Sales Co.
"By C. J. Hall, Mgr."

(3) The agreement of acceptance by the owner as follows:

"Oklahoma City, Oklahoma

"June 6, 1947

"I, or we, owner of the above described property, accept the above offer, and agree to pay to City Mortgage

and Sales Company, Realtors, a regular commission of $300.00 Dollars as recommended by the Oklahoma City Real Estate Board.

"------ --- --------------------Witness.

"J. S. Hicks Seller."

Omitting all reference to oral agreements or understandings made during or after the execution of the contract, we find that the petition charges that plaintiff entered into negotiations for the purchase of the property; that he gave defendant, who was acting as agent for the owner, his check for $300 to apply on the purchase price; that the deal was consummated and that plaintiff paid the entire purchase price to the owner, and that defendant has appropriated the sum of $300 to his own use without authority and without right.

" 'Conversion is any distinct act of dominion wrongfully exerted over another's personal property, in denial of, or inconsistent with his rights therein.' " United States Zinc Co. v. Colburn, 124 Okla. 249, 255 P. 688; 53 Am. Jur. 822, sec. 29.

The contract on its face is styled "Uniform Purchase Contract." An identical contract, except the names of the parties, dates and amounts, was before this court in Meeks v. Flynn, 198 Okla. 18, 174 P. 2d 363. Therein we held that where an agent in possession of principal's property is clothed by the principal with power thereover to be exercised for the alternate benefit of the principal and another, such agency becomes a trusteeship. A trustee is bound to comply strictly with the terms of the trust and the directions contained in the trust instrument defining his powers and duties.

In the case at bar defendant, as a part of the entire contract between the parties, acknowledged receipt of $300 "to apply on the purchase of said property in accordance with the foregoing terms." The terms with relation to the deposit with defendant had three methods of disposing of the money: (1) To apply on the purchase price. (2) To return the money to plaintiff in case there was a material defect in the title that could not be cured, and (3) in the event of plaintiff's failure to complete the deal in accordance with the terms, the money so deposited was to be retained as a part payment for services rendered and rent for failure to consummate the deal. The second and third contingencies did not arise. The title was good and the deal was consummated. Therefore, it was the duty and obligation of the defendant in the performance of his trust to apply the deposit on the purchase price, since that was the only remaining disposition of the deposit that was authorized by the contract.

We said in Meeks v. Flynn, supra, that no right to a personal interest in the deposit arose by virtue of the agency so created. Yet in his testimony defendant admitted that he applied this deposit on his commission, paying one-half to his saleslady, and that this procedure was customary among real estate men. If such disposition of the deposit were permitted to stand, it would result in plaintiff paying $300 in excess of his contract price and in his payment of the agent's commission when he had no contract to pay such commission.

Plaintiff in drafting his petition did not use the word "conversion", but he did charge that defendant "appropriated said amount to his own use" and "without authority and without right." Defendant filed no motion to strike the surplusage in the petition as to oral contracts and agreements. His attack was by demurrer. We hold that the petition was sufficient to state a cause of action for recovery of money appropriated by defendant without authority, and cases cited by defendant with reference to this parol evidence rule are not in point.

Defendant next says:

"It is a well settled rule of law that recovery cannot be had against an agent for recovery of money received on account of his principal except on allegation of fraud, default of the principal in completing the deal or other

special circumstances making the agent liable."

This is a fair statement of the rule. But in the case at bar there were other circumstances making defendant liable. The only contingency giving defendant a right to pay the money to himself never did occur. In holding or disposing of the money held by him the defendant did not act as agent of Mr. Hicks but as trustee.

Since defendant was acting as trustee, the following cases, Fowler v. Quall (Kan.) 13 P. 784; Hurford v. Norvall, 39 Okla. 496, 135 P. 1060; Citizens Bank of Millerton v. Beeson, 104 Okla. 293, 231 P. 844, and Kilpatrick v. Plummer, 145 Okla. 117, 291 P. 501, cited by defendant, are all distinguishable from the case at bar and none is in point.

Defendant next says plaintiff failed to plead or prove compliance with the Intangible Tax Laws of Oklahoma. Under this record the question was not raised in the trial court, but defendant says· it can be raised here on appeal for the first time. We so held in Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186. Therein we remanded the case with directions for the trial court to determine if there was a compliance with the tax law, and if so, to enter judgment for plaintiff.

But under our holding in the case at bar the claim of plaintiff is not one that is subject to the payment of the tax under the Intangible Tax Law. This was not a suit on the check, since the check was merely evidence pertaining to the deposit. It was not a suit on the written contract. It was not a suit on account of bills receivable to be governed by 68 O. S. 1941 §§1501-1515. This was a suit to recover money appropriated or converted to defendant's use without authority. The action was grounded in tort. The defendant denied liability. It was an unliquidated claim, and the provisions of the Intangible Tax Law had no application to an action to enforce payment of such claim or demand. Webb v. Aetna Casualty &

Surety Co., 194 Okla. 30, 147 P. 2d 169.

Defendant complains of the refusal of the trial court to give his requested instruction No. 1. The requested instruction was misleading and did not correctly state the law applicable to the case. It would have told the jury that if it found that plaintiff executed the contract providing for the $300 deposit to be applied on the purchase price upon consummation of the sale, the jury must disregard any testimony of an oral agreement to refrain from cashing the check "and your verdict should be for the defendant." The instruction would have required the jury to return a verdict for defendant if the proof showed that plaintiff had signed the contract and completed the deal. It was in total disregard of any duty or obligation placed upon defendant by the same written instrument.

Defendant assigns as error the giving of instruction No. 4. There are some objectionable features to this instruction, but the trial court followed with his instruction No. 5, to which no exception was taken, and which was far more favorable to defendant than he was entitled to have given under the record in this case.

If there was error in instruction No. 4, it became harmless error when considered with the other instructions in the case. There is no showing of prejudice against defendant by reason of the giving of instruction No. 4.

In this case the undisputed evidence established: That plaintiff entered into a written contract to purchase a home for $13,000; that he delivered a check to defendant as real estate agent for $300; that defendant signed a stipulation providing disposition to be made of that deposit; that the sale was completed and plaintiff paid the full purchase price to the seller; that defendant in contravention of the authority vested in him cashed the check and took the proceeds to himself as agent's commission; that the contingency provided

in the contract which would have authorized him so to do had not occurred; and that he refused to reimburse the plaintiff.

"Where an examination of the whole case shows that the judgment of the trial court is right on the merits, the judgment will not be reversed." Watson v. Butler, 170 Okla. 350, 40 P. 2d 653; Atlas Life Ins. Co. v. Miles, 195 Okla. 645, 161 P. 2d 1022.

Judgment affirmed.

ARNOLD, C. J., and DAVISON HALLEY, JOHNSON, and O'NEAL, JJ., concur.