CALHOUN v. HICKS.

No. 35222.   March 10, 1953.

*255 P. 2d 279.*

O. B. Martin, Oklahoma City, for plaintiff in error.

Chas. L. Orr, Oklahoma City, for defendant in error.

DAVISON, J. The only question presented by this appeal is as to the applicability of the Intangible Personal Property Tax Law, 68 O. S. 1941 § 1501 et seq. The case comes here by transcript and bill of exceptions.

By way of an amended petition, the plaintiff, J. F. Hicks, sought to recover from the defendant, Fred Calhoun, the sum of $990.87. It was alleged that the defendant was employed to manage and operate a drugstore belonging to

the plaintiff, located in Oklahoma City, Oklahoma; that defendant did operate the store from that time, September of 1946 to January 9, 1947, when plaintiff sold the same; that during said time the defendant was "guilty of fraud, mismanagement, misrepresentation, and misappropriation of *** goods, wares, merchandise and funds * * *." An itemized statement of the amounts claimed to be due was attached to the petition.

Defendant's amended answer and cross-petition was a general denial coupled with affirmative allegations that about June 1, 1946, defendant gave up other employment to accept the position as manager and operator of plaintiff's drugstore at a salary of $50 per week; that by various checks described in the cross-petition, he had been paid $1,203.81, leaving a net balance due him of $229.94. The defendant also alleged that the said amount was unliquidated and, therefore, not subject to intangible personal property tax.

A trial of the issues to the court, without the intervention of a jury, resulted in a judgment for plaintiff in the amount of $724.79, from which defendant has perfected this appeal. The only question presented by the defendant is that, because plaintiff neither alleged nor proved compliance with, or exception from, the provisions of the Intangible Personal Property Tax Laws, 68 O.S. 1941 §1510 et seq., the court had no jurisdiction to render judgment in his favor.

This action is one purely in tort to recover money and property belonging to the principal, which the agent, by "fraud, mismanagement, misrepresentation and misappropriation," took for his own use. Being such, it is within the rule stated in the case of Hall v. Deal, 205 Okla. 46, 234 P. 2d 384, wherein it was held that:

"Before being reduced to judgment, a claim for money due in an action grounded in tort is not subject to tax under the Intangible Tax Law of Oklahoma, 68 O.S. 1941 §§1501-1515."

In addition, the claim was unliquidated as is shown by the amount of the judgment which, in effect, struck a balance between the claims of both parties. Had plaintiff waived the tort and founded the action upon an implied contract, the fact that the amount was unliquidated would also have exempted it from the operation of the tax law. It was said in the case of Dunlap v. Spencer, 191 Okla. 557, 131 P. 2d 994, that:

"An undetermined and unliquidated claim for money or for credit, arising out of the mutual dealings and reciprocal demands of the parties to a business arrangement conducted under a system of mutual account, does not constitute an account receivable within the meaning of the Intangible Personal Property Tax Law. 68 O.S. 1941 §§ 1501-1520."

For these reasons, the provisions of the Intangible Personal Property Tax Law, 68 O.S. 1941 §§ 1501-1515, are not here applicable and the trial court was correct in so holding.

Judgment affirmed.

HALLEY, C.J., JOHNSON, V.C.J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.